UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

HARVEY PRESTON,

               Plaintiff,

v.

TERRY WILKINS et al.,

               Defendants.

_____/

Case No. 2:25-cv-272

Honorable Hala Y. Jarbou

**<u>OPINION</u>**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff

has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred

from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for

*in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee

before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for

failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious

physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not

paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without

prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to
collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.
gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous
administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

---

*in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Preston v. White*, No. 2:03-cv-249 (W.D. Mich. Jan. 7, 2004); *Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich. Dec. 5, 2003). In addition, the Court previously has denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule. *See Preston v. Bonn*, No. 1:25-cv-389 (W.D. Mich. Aug. 28, 2025); *Preston v. Bonn et al.*, No. 1:25-cv-29 (W.D. Mich. Mar. 7, 2025); *Preston v. Hoffman et al.*, No. 2:24-cv-179 (W.D. Mich. Nov. 22, 2024); *Preston v. Bonn et al.*, No. 1:24-cv-588 (W.D. Mich. July 2, 2024); *Preston v. Davids*, No. 1:24-cv-416 (W.D. Mich. May 7, 2024); *Preston v. Rewerts et al.*, No. 1:24-cv-304 (W.D. Mich. Apr. 25, 2024); *Preston v. Russell*, No. 1:21-cv-312 (W.D. Mich. Apr. 29, 2021); *Preston v. Davids*, No. 1:18-cv-803 (W.D. Mich. Aug. 8, 2018); *Preston v. Smith et al.*, No. 1:18-cv-84 (W.D. Mich. Feb. 2, 2018); *Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich. Sept. 30, 2016).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v.*

*Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility and the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues the following AMF staff: Warden Terry Wilkins, Inspector David Pynnonen, Resident Unit Manager Tim Wilson, Prison Counselor Unknown Kalwalski, Deputy Warden Chester Dums, Assistant Deputy Warden Marsha Nurkala, and Assistant Deputy Warden Shawn Minerick. Plaintiff also sues the following ICF staff: Warden Dale Bonn, Assistant Deputy Warden Janna Garcia, Assistant Deputy Warden Dennis Cassel, Assistant Deputy Warden John Williams, Resident Unit Manager Dave Reed, Prison Counselor Unknown L. Dunston, LMSW David Maranka, Correctional Officer Useff Perkins, and Correctional Officer Bernard Scott. (Compl., ECF No. 1, PageID.2–5.)

Plaintiff alleges that "a hit was placed on [Plaintiff's] life" while Plaintiff was incarcerated at ICF. (Compl., ECF No. 1, PageID.7.) Plaintiff requested protective custody, but his requests were denied. (*Id.*)

Plaintiff alleges that "the hit" then followed Plaintiff to AMF. (*Id.*) He claims that his food and medication have been "poisoned" and that he has no drinking water. (*Id.*) Plaintiff claims that he asked Defendants Wilkins, Dums, Nurkala, Minerick, Pynnonen, Wilson, and Kalwalski for protective custody but that his requests were again denied. (*Id.*)

The Court concludes that Plaintiff has failed to allege any facts which support a finding that he was in imminent danger at the time he filed this lawsuit. First, as to Plaintiff's claims against the ICF Defendants, because Plaintiff was no longer confined to ICF at the time that he filed his complaint, Plaintiff *cannot* demonstrate that he faced an imminent danger of serious physical injury at the time that he filed his complaint.

Second, Plaintiff's claim that a "hit" against him at ICF followed him to AMF fails to demonstrate that Plaintiff is in imminent danger of serious physical injury. With respect to this claimed "hit," Plaintiff's allegations "'must be sufficient to allow a court to draw reasonable inferences' that the threat is 'real and proximate' and that the 'danger of serious physical injury' exists." *Jackson v. Bolton*, No. 23-1701, 2024 WL 314530 at *2 (6th Cir. Jan. 24, 2024) (quoting *Vandiver*, 727 F.3d at 585). In *Jackson*, the Sixth Circuit concluded that Jackson had sufficiently alleged that a threat to kill him if he pursued lawsuits set forth imminent danger of serious physical harm because Jackson had alleged that he found a razor blade in a biscuit, and also because his "allegations were specific as to the person who made the threat, the content of the threat, and the date, time, and place that the threat occurred." *Id.* Here, Plaintiff alleges only vaguely that he is "at risk in general population due to security threat groups and affiliates." (Compl., ECF No. 1,

5

PageID.10.) He does not provide the Court with any details concerning the nature of the alleged hit. In short, Plaintiff asks the Court to fabricate plausibility to his claim from mere ambiguity; but ambiguity does not support an inference of real and proximate danger of serious physical injury.

Finally, Plaintiff's assertions that his food and medication have been poisoned fail to demonstrate that he is in imminent danger of serious physical injury. Plaintiff has routinely made similar allegations about officials at different prisons, beginning as early as 2003, which this Court held were inadequate to state a claim because they were conclusory. *See Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004) (dismissing for failure to state a claim Plaintiff's complaint that the defendant must have tampered with his meal at the Marquette Branch Prison because he felt an immediate throbbing on both sides of his neck after the defendant gave him his food tray); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich.) (attaching grievances alleging Oaks Correctional Facility personnel poisoned his food on numerous occasions); *see also Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich.) (alleging that health services ignored his conclusory complaints that personnel at the Marquette Branch Prison poisoned his food on many occasions, causing him head and chest pain). Likewise, this Court has previously denied leave to proceed *in forma pauperis* under the imminent-danger exception based on nearly identical, wholly conclusory allegations that different defendants at ICF poisoned his food in December 2017, again in 2024, and again in early 2025. *See Preston v. Bonn et al.*, No. 1:25-cv-29; *Preston v. Hoffman et al.*, No. 1:24-cv-588; *Preston v. Davids*, No. 1:24-cv-416; *Preston v. Rewerts et al.*, No. 1:24-cv-304; *Preston v. Smith et al.*, No. 1:18-cv-84.

In this case, also, Plaintiff states the conclusion that he has been poisoned. Nonetheless, Plaintiff alleges no facts that support the inference that any Defendant has tampered with his food. Moreover, Plaintiff makes no factual allegations to support the inferential leap that his "health

concerns" were caused by the food he ate during the day. Under these circumstances, Plaintiff's conclusory allegations fail to contain sufficient facts to demonstrate that he is in imminent danger of serious physical injury from consuming allegedly poisonous food.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated: March 16, 2026                                      /s/ Hala Y. Jarbou
                                                                    HALA Y. JARBOU
                                                                    CHIEF UNITED STATES DISTRICT JUDGE